*Make the Road by Walking*
Deborah Axt (DA 4885)
301 Grove Street
Brooklyn, New York 11237
(718) 418-7690

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x

**EDILBERTO VALLE,**
on his own behalf and on behalf of others similarly situated,

              Plaintiff,

              V.

**THE CITY BAKERY, Inc.; TCB2, Inc.; MAURYBAKES, LLC; and MAURY RUBIN;**

              Defendants.
_____x

**COMPLAINT and**
**DEMAND FOR JURY TRIAL**

**Index No: 06 CV 1932 (Scheindlin)**
ECF CASE

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

This is an action brought by Edilberto Valle, who suffered gross violations of his right to overtime pay and spread-of-hours wages while employed by The City Bakery during its incarnation as TCB2, Inc., Maurybakes, LLC, and The City Bakery, Inc.

During approximately four years of employment, the plaintiff never received the correct overtime rate of pay for hours beyond forty in a work week, although he regularly worked more than sixty hours per week.  The plaintiff was also systematically denied the daily spread-of-hours supplement mandated by New York State Labor Law on the days that he worked more than 10 hours.  This constitutes a drastic underpayment of wages and overtime pay under Federal and State laws.

Plaintiff, by his attorneys, seeks redress for Defendants' violation of his rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and under the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq.  Plaintiff complains of Defendants as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), that he is: (i) entitled to unpaid wages from Defendants for overtime work for which he did not receive the correct overtime premium pay, (ii) entitled to liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq and (iii) entitled to attorneys' fees and costs.

2. Plaintiff further alleges, pursuant to New York State Labor Law, that he is (i) entitled to one hour of bonus pay at the minimum wage rate, for each day he worked more than ten hours, (ii) entitled to unpaid wages from Defendants for overtime work for which he did not receive any overtime premium pay, and (iii) entitled to liquidated damages pursuant to the New York Minimum Wage Act and its regulations, N.Y. Lab. Law §§ 650 et seq., 12 NYCRR § 142-2.4.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.  In addition, the court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216(b).  The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c).

## THE PARTIES

5. Edilberto Valle is an adult individual residing in Brooklyn, New York.  He consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).  His written consent is attached hereto and incorporated by reference.

6. The City Bakery, Inc., TCB2, Inc., and Maurybakes, LLC are corporations that have, during the relevant time period, operated a bakery at 412 West 15th Street, New York, New York 10011.  This bakery provided baked goods to several locations, including a restaurant by the same name, The City Bakery, located at 3 West 18th Street, New York, New York 10011.

7. Maury Rubin is the Registered Principal of The City Bakery, Inc. and Maurybakes, LLC and the Chairman or Chief Executive Officer of The City Bakery, Inc.

## STATEMENT OF FACTS

### *WAGE AND HOUR VIOLATIONS*

8. Mr. Valle worked for The City Bakery from approximately September 2, 2002 through approximately October 30, 2005.

9. Plaintiff worked as a baker for The City Bakery.  He was required to make cookies; in addition, he was required to wash dishes, make deliveries, and wash the floors.

10. During his employment at The City Bakery, the plaintiff received wages ranging from $6.50 per hour to $7.25 per hour.

11. The plaintiff's hours were recorded by a punch card system each day.

12. Plaintiff regularly worked between 55 and 70 hours per week.

13. Plaintiff never received time-and-one-half of his regular rate of pay for overtime hours worked.

14. The plaintiff worked over ten hours per day for the vast majority of his employment and never received the required spread-of-hour bonus pay of $5.15 per day, or $6.00 per day after January 1, 2005, as required by the New York State Minimum Wage Act and its regulations.

15. Upon information and belief, Maury Rubin had the power to hire and fire employees.

16. Upon information and belief, Maury Rubin controlled the rate and method of payment of wages.

17. Upon information and belief, Maury Rubin maintained employment records.

## FIRST CLAIM FOR RELIEF
## FEDERAL WAGE AND HOUR CLAIMS

18. The Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 17 above.

19. At all relevant times, the Defendants employed Mr. Valle within the meaning of 29 U.S.C. § 203(g).

20. At all relevant times, the Defendants were Plaintiff's employer(s) within the meaning of 29 U.S.C. § 203(d).

21. At all relevant times, Plaintiff and Defendants were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 206(a).

22. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s).

23. Defendants willfully failed to pay overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1).

24. Due to Defendants' willful Fair Labor Standards Act violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, and an additional amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF
### NEW YORK WAGE AND HOUR CLAIMS

25. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 17 above.

26. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law, §§ 2 and 651.

27. Defendants willfully violated Plaintiff's rights by failing to provide overtime compensation at a rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Minimum Wage Act and its regulations. *N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.4*.

28. Defendants willfully violated Plaintiff's rights by failing to pay him the required $5.15 daily spread-of-hours compensation, or $6.00 after January 1, 2005, for each day he worked more than

ten hours, in violation of the New York Minimum Wage Act and its regulations. *N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.4*.

29. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid overtime compensation, unpaid wages, spread-of-hours supplement, an additional 25% as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Lab. Law § 663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this court grant the following relief:

30. Declare Defendants' conduct to be a violation of Plaintiff's rights under the Fair Labor Standards Act and the New York Minimum Wage Act;

31. Award Plaintiff unpaid wages for hours worked, overtime compensation due under the Fair Labor Standards Act and an additional equal amount as liquidated damages because of Defendant's willful failure to pay overtime pay, pursuant to 29 U.S.C. § 216;

32. Award Plaintiff unpaid wages for hours worked, overtime compensation, the spread-of-hours supplement for days in which he worked over 10 hours and, under the New York Minimum Wage Act regulations, an additional 25% as liquidated damages, pursuant to N.Y. Lab. Law § 663(1);

33. Award Plaintiff back wages plus interest, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 215(a)(3);

34. Award Plaintiff prejudgment interest;

35. Award Plaintiff the costs of this action together with reasonable attorneys' fees and such other and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated:      Brooklyn, New York
            March 10, 2006

>Respectfully submitted,
>
>*Make the Road by Walking*
>301 Grove Street
>Brooklyn, New York 11237
>Phone (718) 418-7690 x205
>Facsimile (718) 418-9635
>
>By:_____
>       Deborah Axt (DA 4885)

6